IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHONG SU YI,                                     *

Plaintiff                                        *

v.                                               *          Civil Action No. PWG-16-720

DIVISION OF PARKING MANAGEMENT,                  *

Defendant                                        *
                                               ***

## MEMORANDUM OPINION

The above-captioned Complaint was filed on March 11, 2016, together with a Motion to Proceed in Forma Pauperis. ECF No. 3. Because Plaintiff appears to be indigent, the motion shall be granted. Plaintiff has filed an Amended Complaint. ECF No. 5.

As best I can discern, Plaintiff received various parking tickets while driving a vehicle he did not own, and he believes that the tickets are unconstitutional. In his Amended Complaint, he asserts:

> When there is less intrusive way under State's Best Interest in First Amendment Challenge, which State must take; there is violation of First Amendment.
> . . .. [W]hen there is incongruous issue raised form incident, in State's right to categorize; there is violation State's right to categorize.
>
> Deductive Reasoning:
>
> Metered parking is license. And entered parking is part of General Welfare authorized to Congress; from taxes and by taxing General Welfare there is incongruous, therefore metered parking citation is violation of First Amendment.
> All forms of licenses issued by State is not of General Welfare; and it may carry levy; Or Fee; but in parking its from point A to point B of citizen; originated from home; Thus is liberty; and parking is temporary; not permanent; therefore, without Constitutional mandate; there cannot be taxing from General Welfare.
> Conclusion:
> Citation and fee levied by County is unconstitutional it violates Firs Amendment; via State's right incongruous.

Am. Compl. 2-3.

Beyond claiming that he has received several parking citations, Plaintiff does not allege in his Amended Complaint that he has suffered a direct injury as a result of the facts alleged. ECF No. 6. He asks that the Court enter an injunction ordering "County to uphold constitution not levy general welfare; Covered under Taxation by Article 1 Section 8 clause 1; i.e. tax is for general welfare And parking is general welfare. Therefore, meter parking is unconstitutional; cannot be levied or taxed." Am. Compl. 3.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir.1989).

As noted, it appears that Plaintiff seeks relief from his obligation to pay the parking tickets he received under a vague theory of unconstitutionality. Yet, Plaintiff has not provided

any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. A separate Order follows dismissing this case.

_April 28, 2016_
Date

_/s/_
Paul W. Grimm
United States District Judge