IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| CHONG SU YI, | * |
| Plaintiff, | * |
| v. | Civil Case No.: PWG-16-720 |
| DIVISION OF PARKING MANAGEMENT, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff, who is proceeding *pro se*, filed this action against the Division of Parking Management, alleging that his Constitutional rights were violated when the Defendant issued him a number parking tickets. Second Am. Compl. 2–3, ECF No. 8. I entered a Memorandum Opinion and an Order dismissing Plaintiff's Complaint on April 28, 2016, ECF Nos. 12 & 13, and on May 23, 2016, Plaintiff filed this Motion for Reconsideration of the April 28, 2016 Order, ECF No. 14. Because Plaintiff has not stated a meritorious reason to alter the previous conclusion of the Court, his Motion will be DENIED.

Plaintiff's motion, timely filed within twenty-eight days of the dismissal order, is a Rule 59(e) motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of So. Pines*, 532 F.3d 269, 277–80 (4th Cir. 2008).

> Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, [the Fourth Circuit] has previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law;

(2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.

*Pacific Ins. Co v. Am. Nat'l Fire. Ins. Co.*, 148 F.3d. 396, 403 (4th Cir. 1998). The Fourth Circuit has set clear limitations on Rule 59(e) motions and specified that these motions may not be used "to raise arguments which could have been raised prior to the issuance of the judgment." *See id.* "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright *et al.*, *Fed. Prac. & Proc.* § 2810.1, at 124). It "is not a license for a losing party[] to get a 'second bite at the apple.'" *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Co. 1988) (quoted in *Potter v. Potter*, 199 F.R.D. 550, 552–53 (D. Md. 2001)).

Plaintiff's Motion for Reconsideration constitutes a classic example of seeking a "second bite at the apple," which, if allowed, would defeat the concept of judicial finality and would transform motions practice into a never-ending cycle of intra-court review. He does not argue that "there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Rather, he simply presents his pleadings for a fourth time in his Motion for Reconsideration, augmenting his presentation of the facts to allege that he received the tickets when he was homeless and Montgomery County denied him access to "homeless shelter parking lots," such that he was "forced to park in county parking." Pl.'s Mot. 2. This is not new evidence, and therefore it does not support reconsideration of the Court's April 28, 2016 Order. *See Robinson*, 599 F.3d at 411.

Accordingly, it is, this 29th day of September, 2016, hereby ORDERED that Plaintiff's Motion for Reconsideration, ECF No. 14, IS DENIED. The Clerk shall mail a copy of this Memorandum and Order to Plaintiff.

/S/
Paul W. Grimm
United States District Judge

dh